IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA SCHELLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN WETZEL, MS. KAREN FEATHER, MALINDA ADAMS and ADAM MAGOON,<br><br>　　　　Defendants. | Civil Action No. 2:21-cv-1169<br><br>Magistrate Judge Patricia L. Dodge |

**MEMORANDUM**[1]

For the following reasons, the Court will grant Defendants' Motion to Dismiss for Failure to Prosecute (ECF 77) and close this case.

**I.     Relevant Background**

Plaintiff Joshua Scheller is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") who is housed at SCI Mercer. The operative complaint is the Second Amended Complaint (ECF 22), which Plaintiff filed with this Court in December 2021. He names as defendants John Wetzel, who is the former Secretary of the DOC, and the following individuals who worked at SCI Mercer during the relevant time: Karen Feather, Malinda Adams and Adam Magoon.

Plaintiff asserts in the Second Amended Complaint that Defendants violated his constitutional rights between August 2020 and January 2021 by failing to follow safety protocols and precautions pertaining to COVID-19. He alleges that as a result of Defendants' misconduct,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. Thus, the undersigned has the authority to decide dispositive motions and enter final judgment.

he contracted the virus and experienced head and body aches, loss of taste and smell and endured pain and suffering. Based on these allegations, Plaintiff raises claims under 42 U.S.C. § 1983 against all Defendants for violating his Eighth Amendment rights. He also raises related state-law claims. As relief, Plaintiff seeks an award of money damages.

In February 2021, Defendants filed an Answer (ECF 43) to the Second Amended Complaint and the Court issued a case management order (ECF 44) that set forth the schedule for discovery, among other things. Pursuant to that order, all discovery was to be completed by May 13, 2022.

On March 10, 2022, Defendants sent Plaintiff discovery requests to which Plaintiff did not provide timely responses. As a result, Defendants filed the first of three motions to compel. (ECF 52.) The Court granted this motion and Plaintiff then filed his responses. (ECF 53, 55.) However, Plaintiff's responses were incomplete and, therefore, Defendants filed another motion to compel. (ECF 56.) The Court granted this motion to compel and directed Plaintiff to provide complete responses by June 6, 2022. (ECF 57.) Plaintiff failed to comply with this order.

Defendants then filed their third motion to compel. (ECF 59.) The Court granted this motion and directed Plaintiff to submit complete responses to the outstanding discovery requests by June 27, 2022. (ECF 60.) Plaintiff then advised the Court that he was attempting to retain counsel and requested that the deadline be extended. (ECF 66.) The Court granted this request in part, and directed Plaintiff to advise the Court by August 22, 2022 if he had retained counsel. (ECF 67.)

Next, on August 18, 2022, Plaintiff filed a document titled "Notice of Compliance" in which he attempted to demonstrate his compliance with the outstanding discovery requests. (ECF 69.) Defendants filed a motion to strike this Notice, arguing that Plaintiff against failed to comply

with the Court's discovery orders. (ECF 73.) The Court granted their motion and directed Plaintiff to properly respond to Defendants' outstanding discovery requests by September 23, 2022. (ECF 75.) In this order, the Court advised Plaintiff that his failure to do so may result in sanctions, including the dismissal of this action. (*Id.*)

Plaintiff did not comply with this order, request an extension of time to do so or otherwise communicate with the Court. On October 5, 2022, Defendants filed the pending Motion to Dismiss for Failure to Prosecute (ECF 77; ECF 78, Brief in Support.) They assert that Plaintiff has continued to disregard the Court's orders and did not provide discovery responses. Thus, Defendants assert, the Court should dismiss this civil action for failure to prosecute. After Defendants filed this motion, the Court issued an order directing Plaintiff to show cause no later than October 24, 2022 as to why this action should not be dismissed with prejudice because of his failure to comply with the Court's prior orders. Plaintiff did not comply with this order, request an extension or communicate with the Court in any manner.

**II.     Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and under this Rule, a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order. *See, e.g.*, *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which

3

entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted).

There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). None of the *Poulis* factors are dispositive and not all of them need to weigh in favor of dismissal before it is warranted. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Rather, the Court must "properly consider and balance" each of the six factors based on the record. *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868). It must also analyze the factors in light of the "strong policy favoring decisions on the merits." *Id.*

The first and fourth *Poulis* factors—the extent of Plaintiff's personal responsibility and whether his conduct is willful—each weigh heavily in favor of dismissal. Plaintiff is proceeding *pro se* and is solely responsible for his own conduct. *See, e.g.*, *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Winston v. Lindsey*, No. 1:09-cv-224, 2011 WL 6000991, *2 (W.D. Pa. Nov. 30, 2011). Plaintiff has not communicated with the Court since August 2022 and has not complied with any of the Court's recent orders directing him to respond to Defendants' discovery requests. He also failed to comply with the show cause order. There is no reason to believe that Plaintiff is not receiving the Court's orders since none of them have been returned as undeliverable, or that he is prevented from filing documents with this Court. Under the circumstances, the Court must conclude that Plaintiff's decision not to communicate with the Court and comply with court orders is intentional. *See, e.g.*, *Quadr v. Overmyer*, 642 F. App'x 100, 103 (3d Cir. 2016) (the district court correctly concluded that the plaintiff's actions were willful when he would not accept mail from the court, failed to respond to a motion to dismiss, and repeatedly missed deadlines).

4

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams*, 29 F.3d at 874 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). Although this factor does not weigh heavily in favor of dismissal at this time, it is not neutral either. Plaintiff's repeated missing conduct of deadlines and his failure to communicate with the Court frustrates and delays resolution of his claims against all Defendants. For example, Defendants twice have had to cancel Plaintiff's deposition due to his failure to respond to discovery. *Mack v. United States*, No. 3:17-cv-1982, 2019 WL 1302626, *1 (M.D. Pa. Mar. 21, 2019) (plaintiff's continued failure to communicate with the district court and inaction "clearly prejudices the Defendants who seek a timely resolution of the case."). Thus, the second *Poulis* factor weighs in favor of dismissal.

The third *Poulis* factor considers whether there is a history of dilatoriness. "[E]xtensive or repeated delay or delinquency constitutes a history of dilatoriness[.]" *Adams*, 29 F.3d at 874. "A party's problematic acts must be evaluated in light of its behavior over the life of the case[,]" *id.* at 875 and, typically, "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe*, 538 F.3d at 261 (citing *Scarborough*, 747 F.2d at 875, and *Donnelly v. Johns-Manvill Sales Corp.*, 677 F.2d 339, 343 (3d Cir. 1982)). Plaintiff has failed to comply with the Court-ordered discovery deadlines and has not communicated with the Court in any way since August 2022. For these reasons, the third *Poulis* factor weighs in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of sanctions other than dismissal. Under the circumstances presented here, in which Plaintiff has failed to comply with court orders, no longer communicates with the Court and appears to have abandoned the

litigation, alternative sanctions would not be effective. *Bowie v. Perry*, No. 1:19-cv-13, 2019 WL 2412488, *2 (W.D. Pa. May 13, 2019) ("alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court."), report and recommendation adopted, 2019 WL 2410796 (W.D. Pa. July 7, 2019). Moreover, it is well-established that alternative, monetary sanctions are ineffective where, as is the case here, the plaintiff is indigent. *See*, *e.g.*, *Brennan v. Clouse*, No. 2:11-cv-0146, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing *Emerson*, 296 F.3d at 191). As such, this factor weights in favor of dismissal.

When evaluating the sixth *Poulis* factor, the Court must consider the potential merits of Plaintiff's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recover by plaintiff." *Poulis*, 747 F.2d at 869-70. The standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not the summary judgment standard, is applicable in the *Pouli*s analysis. *Briscoe*, 538 F.3d at 263. Plaintiff's failure to prosecute this action makes it difficult to determine whether the Eighth Amendment claims asserted against Defendants have, or could have, potential merit. Thus, this final *Poulis* factor does not weigh in favor of dismissal. However, as set forth above, none of the *Poulis* factors are dispositive and not all of them need to be met for a district court to find that dismissal is warranted.

### III. Conclusion

In conclusion, at least five of the six *Poulis* factors weigh in favor of dismissal. The Court cannot properly control its docket, move this action forward, and properly protect the rights of all parties, if Plaintiff fails to comply with court orders and stops communicating with the Court altogether. He has consistently failed to comply with orders or otherwise communicate with the

Court. Thus, the Court will grant Defendants' Motion (ECF 77) and will dismiss this civil action with prejudice for failure to prosecute and close this case.

    An appropriate Order follows.

November 7 , 2022                                    BY THE COURT:

                                                 s/Patricia L. Dodge
                                                 PATRICIA L. DODGE
                                                 United States Magistrate Judge